Filed 5/25/22  P. v. Barragan CA2/2
(unmodified opinion attached)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSE BARRAGAN,<br><br>        Defendant and Appellant. | B308259<br><br>(Los Angeles County<br>Super. Ct. No. BA068035)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:\*

It is ordered that the opinion filed herein on April 27, 2022, be modified as follows:

1.  On page 3, the full paragraph, beginning "The appellate opinion in *Barragan I* summarized the facts" is deleted in its entirety, including the quoted material.

2.  On page 4, the full paragraph, beginning "The opinion's summary of defendant's statement to law enforcement" is deleted in its entirety, including the quoted material.

There is no change in the judgment.
The petition for rehearing is denied.

_____
\* LUI, P. J.        CHAVEZ, J.        HOFFSTADT, J.

Filed 4/27/22  P. v. Barragan CA2/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE BARRAGAN,<br><br>    Defendant and Appellant. | B308259<br><br>(Los Angeles County<br>Super. Ct. No. BA068035) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel Change and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jose Barragan (defendant) appeals from the summary denial of his petition for vacatur and resentencing pursuant to Penal Code section 1170.95.[1] He contends that the trial court erred in failing to appoint counsel and entertain briefing, and in ruling that the petition was barred as a successive petition or a motion for reconsideration of defendant's prior petition. Defendant also contends that in his petition he made a prima facie showing that he falls within the provisions of section 1170.95 and that the jury's true finding in his murder trial pursuant to section 190.2, subdivision (a)(17) did not bar relief as a matter of law.

We agree that the trial court erred in summarily denying the petition without appointing counsel and entertaining briefing, and that the petition should not have been barred as a successive petition or motion for reconsideration. However, we find the errors to be harmless. The jury's true finding that the murder was committed while defendant was engaged in a specified felony pursuant to section 190.2 precluded a prima facie showing for relief under section 1170.95, as a matter of law. We thus affirm the trial court's order.

**The 1994 murder conviction**

Defendant was convicted in 1994 of murder and robbery.[2] As to the murder, the jury found true the special circumstance that the murder was committed during the course of a robbery.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] Defendant was also convicted of two additional robbery counts, attempted murder, shooting a firearm at an inhabited dwelling, and grand theft vehicle.

(§ 190.2, subd. (a)(17)(A).)  The jury also found true the allegation pursuant to section 12022, subdivision (a)(l) that a principal was armed with a firearm during the commission of the crimes.  (See *People v. Barragan* (Apr. 4, 1996, B086562) [nonpub. opn.] (*Barragan I*).)  Defendant was sentenced to life in prison without the possibility of parole and other consecutive terms.  We affirmed the judgment in *Barragan I*.

The appellate opinion in *Barragan I* summarized the facts presented at trial as follows:

> "Jose Gallarzo worked at 1906 East First Street, near State Street.  He was shot by a rifle at about 9 p.m. in an alley behind his place of business.  Neighbors heard brief, loud arguing in Spanish and then three shots.  One neighbor, Olivia Escobedo Gonzalez, heard the argument before the shooting started; saw one man hold the victim while the other assailant had a gun pointed at him; and shouted to let the man go; but the assailant with a gun turned around and told her, in English, to shut up.  Another neighbor, Juan Herrera, ran downstairs after hearing the shots and saw two people who looked Hispanic running away.  One was wearing jeans and a white tee shirt, and he tried to stick something in his waistband.  The victim was screaming, shouting 'Me dieron' or 'They hit me.  They hit me.'  A lot of blood was coming from his abdominal area.  [¶] Another witness, Francisco Ignacio, was with his girlfriend in a van in the alley completing her homework when he heard three shots and tried to leave the alley.  He encountered Gallarzo's body, stopped, and got out.  Gallarzo, in pain, told him 'dos morros' (two young guys) attempted to rob him, tried to steal his wallet, shot him, and ran

3

towards State Street.  [¶]  Gallarzo told Officer Sanchez that he had been shot by two male Hispanics, who were about 24 to 27 years old.  One wore a black baseball hat, black shirt, and black pants.  The other wore a white baseball cap and T-shirt with black pants.  Sanchez accompanied the victim to the hospital; he died within one and one-half hour of massive bleeding caused by two gunshot wounds.  [¶]  When Mrs. Gallarzo received his personal effects, the chain and new watch he was wearing that night were not among them.  The police discovered this on November 23, 1992, when they interviewed her following Barragan's November 18 statement." (*Barragan I, supra*, B086562, fns. omitted.)

The opinion's summary of defendant's statement to law enforcement is set forth in part as follows:

"[Defendant] told Sanchez that on November 8, he had repaired the subject blue Oldsmobile, which belonged to his girlfriend.  He and [Daniel] Cabral, known as 'Stranger,' went riding around the area; Cabral had a semiautomatic rifle with an ammunition clip.  They went to an alley near First and State where Cabral held a rifle on Gallarzo, removed the victim's gold chain and religious medallion (later given to Cabral's girlfriend), and shot the victim when he refused to hand over his money.  They ran, stashed and then retrieved the rifle, and drove toward St. Louis Street." (*Barragan I, supra*, B086562.)

**Section 1170.95**

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.), which amended the laws pertaining to

4

felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 842.) Senate Bill No. 1437 also added former section 1170.95, which provided a procedure for those convicted of murder to retroactively seek relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) The statute allowed for vacatur of the murder conviction and resentencing by filing a petition alleging that (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree or second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, former subd. (a).)[3]

Upon the filing of a petition alleging all the enumerated conditions for relief under section 1170.95, the statute requires

---

[3]    In 2021, Senate Bill No. 775 (2021-2022 Reg. Sess.), which amended section 1170.95, was enacted. (Stats. 2021, ch. 551, § 2.) Effective January 1, 2022, section 1170.95, subdivision (a)(2) applies to those convicted of not only murder, but also attempted murder or manslaughter under the natural and probable consequences doctrine. (§ 1170.95, subd. (a).)

the trial court to take the allegations as true, appoint counsel if requested, and entertain briefing, regardless of whether the record of conviction demonstrates that the defendant is not entitled to relief. (*Lewis, supra*, 11 Cal.5th at pp. 957, 962-963, 971-972;[4] see § 1170.95, subds. (b), (c).) After the appointment of counsel and considering the parties' briefs, the court may review the record of conviction to determine the truth of the allegations of the petition and to aid the court in assessing whether a petitioner has made a prima facie showing. (*Lewis*, at pp. 957, 972.) If not, the petition may be summarily denied. If so, the court must then issue an order to show cause and schedule an evidentiary hearing. (*Ibid*.) At the show cause hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for section 1170.95 relief. (§ 1170.95, subd. (d)(1) & (3).)

**Defendant's two section 1170.95 petitions**

On August 23, 2019, defendant filed a petition for vacatur of his murder conviction and for resentencing pursuant to section 1170.95. The petition sufficiently alleged the required conditions and requested counsel. The trial court summarily denied the petition without appointing counsel or receiving briefs. The court reviewed the record of conviction

---

[4] Published July 26, 2021, after both of defendant's two petitions had been denied, *Lewis* resolved a split of authority among the Courts of Appeal regarding whether section 1170.95 permitted the trial court to review the record of conviction prior to appointing counsel and receiving briefs to determine whether defendant had made the prima facie showing required by section 1170.95, subdivision (c). (*Lewis, supra*, 11 Cal.5th at pp. 957, 972.)

and found that, although the jury was instructed with regard to felony murder and that defendant was not the actual killer, defendant was ineligible for relief. The court explained that in this case, defendant was charged with a special circumstance pursuant to section 190.2, subdivision (a)(17). The jury was instructed with CALJIC No. 8.80.1, which required it to find, beyond a reasonable doubt, that if defendant was not the actual killer, he aided and abetted the murder with the intent to kill or was a major participant who aided and abetted the robber and acted with reckless indifference to human life. The jury found the special circumstance allegation to be true. The jury then made the exact findings that is required by the newly amended section 189. As such, defendant does not fall within the purview of those who are entitled to the relief provided in section 1170.95. Defendant failed to file a timely notice of appeal from the order denying his first petition.

On August 10, 2020, defendant filed another section 1170.95 petition, again alleging the three required conditions and requesting appointment of counsel. On August 25, 2020, the trial court summarily denied the petition without appointing counsel or receiving briefs. The court found that the petition was a successive petition because it raised the same claims as those raised in defendant's prior petition, which the court had denied on October 17, 2019. The court held there was no right to file a successive petition and denied it on that ground. The court added that if treated as a motion for reconsideration, the petition would not be granted as it did not raise any new issues justifying reconsideration of the court's original ruling.

Defendant filed a timely notice of appeal from that order.

**DISCUSSION**

Defendant contends that the trial court erred in ruling that his petition was procedurally barred as a successive petition, that the trial court erred in summarily denying the petition without appointing counsel and allowing the parties to file briefs, and that the trial court erred in ruling that a true finding as to the special circumstance alleged under section 190.2, subdivision (a)(17) renders a section 1170.95 petitioner ineligible for relief as a matter of law. Defendant argues that the court should have held an evidentiary hearing conducted pursuant to section 1170.95, subdivision (d)(3) to determine whether defendant was a major participant in the robbery who acted with reckless indifference to human life under factors set forth in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

We agree that as defendant's petition alleged all three conditions and requested appointment of counsel, the trial court was required to appoint counsel and allow the parties to file briefs before considering the record of conviction. (§ 1170.95, subd. (c); *Lewis, supra*, 11 Cal.5th at pp. 957, 962-963, 971-972.) We also agree that defendant's second petition was not barred as a successive petition as there exists a disagreement among Courts of Appeal regarding the *Banks*/*Clark* issue. As of the date the court denied the petition, at least two appellate courts had ruled that a true finding under section 190.2, subdivision (a)(17) precluded a defendant from making a prima facie showing of entitlement to relief even if that finding, like defendant's conviction, predated the decisions in *Banks* and *Clark*. (See, e.g., *People v. Galvan*

8

(2020) 52 Cal.App.5th 1134, 1142; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14-17, review granted Oct. 14, 2020, S264033.) At the same time at least two appellate courts had reached the opposite conclusion. (See, e.g., *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1180, review granted June 24, 2020, S262011, abrogated on other grounds in *Lewis*, *supra*, 11 Cal.5th at p. 963.) As the prosecution points out, these cases represented significant new case law interpreting the issue, which is now pending before the Supreme Court in *People v. Strong* (Dec. 18, 2020, C091162) (nonpub. opn.), review granted March 10, 2021, S266606. Had counsel been appointed it is possible that he or she could have argued that the second petition was not procedurally barred as successive under principles of collateral estoppel. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 949-951.)

That said, we find the failure to appoint counsel and permit briefing to be harmless. When a court erroneously denies a petition without appointing counsel, the petitioner bears the burden to demonstrate resulting prejudice under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836, by showing a reasonable probability of a different result had the court not erred. (See *Lewis, supra*, 11 Cal.5th at p. 973.) Defendant has not and cannot demonstrate prejudice here. Error in summarily denying a petition is harmless if the record of conviction demonstrates ineligibility for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 675.) As we held in *People v. Nunez* (2020) 57 Cal.App.5th 78 (*Nunez*), review granted January 13, 2021, S265918, a true finding under section 190.2, subdivision (a)(17) renders a defendant

9

ineligible for relief under section 1170.95 as a matter of law, and "[t]he *Banks* and *Clark* decisions provide no basis for challenging the jury's factual finding that [defendant] either intended to kill or was a major participant . . . ." (*Nunez*, at pp. 92-97; accord, *People v. Simmons* (2021) 65 Cal.App.5th 739, 746-750, review granted Sept. 1, 2021, S270048; *People v. Jones* (2020) 56 Cal.App.5th 474, 479-482, review granted Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449, 457; *People v. Gomez, supra*, 52 Cal.App.5th at pp. 14-17, review granted; *People v. Galvan, supra*, 52 Cal.App.5th at pp. 1141-1143, review granted.)

Defendant disagrees with *Nunez* and the line of cases taking a similar position. Defendant cites decisions reaching the contrary conclusion and argues that they make a better argument. (See, e.g., *People v. Arias* (2021) 66 Cal.App.5th 987, 1004, review granted Sept. 29, 2021, S270555; *People v. Pineda* (2021) 66 Cal.App.5th 792, 795-796, review granted Sept. 29, 2021, S270513; *People v. Gonzalez* (2021) 65 Cal.App.5th 420, 425, review granted Aug. 18, 2021, S269792; *People v. Secrease* (2021) 63 Cal.App.5th 231, 236, 247, review granted June 30, 2021, S268862; *People v. Harris* (2021) 60 Cal.App.5th 939, 956-958, review granted Apr. 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250, 258-263, review granted Nov. 18, 2020, S264954; *People v. Smith, supra*, 49 Cal.App.5th at pp. 93-94, review granted; *People v. Law* (2020) 48 Cal.App.5th 811, 821-822, review granted July 8, 2020, S262490; *People v. Torres, supra*, 46 Cal.App.5th at pp. 1179-1180, review granted.)

We see no need to repeat arguments that have been thoroughly addressed in the above cited opinions. We stand by

our analysis in *Nunez* and disagree that the opinions stating the contrary view reflect a better argument. We thus hold that the trial court's error in summarily denying defendant's second opinion is harmless, as defendant is unable to make a prima facie case for relief under section 1170.95.

## DISPOSITION

The order denying the section 1170.95 petition is affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.

11